IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUL 0 2 2010

MATTHEW J. DYKMAN
CLERK

LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.

                        No. 08mc0015 BB

A. DAVID SILVER, a/k/a DAVID
SILVER; ADS PARTNERS, LTC; DOE
COMPANIES, 1-10,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) pro se[1] Defendant A. David Silver's *Motion to Certify Order in Multiple Claim Case*, filed Aug. 26, 2008 [Doc. 119]; (ii) Plaintiff Lincoln National Life Insurance Company's ["Lincoln National"] *Motion to Strike* Documents 98, 113, 115, 118, and 120, filed Sept. 2, 2008 [Doc. 122]; (iii) Jerilyn Silver's *Motion to Quash Garnishment*, filed Sept. 8, 2008 [Doc. 126]; (iv) Lincoln National's *Motion to Strike* Document 124, filed Sept. 11, 2008 [Doc. 129]; (v) David Silver's *Motion to Stay during Appeal*, filed Sept. 23, 2008 [Doc. 133]; (vi) Jerilyn Silver's *Motion for Entry of Default Judgment*, filed Oct. 10, 2008 [Doc. 137]; (vii) Lincoln National's *Motion for Entry of Default Judgment Against Garnishee Competere Group*, filed Dec. 14, 2009 [Doc. 150]; (viii) Lincoln National's *Motion for Default Judgment Against Garnishee Santa Fe Capital Group*, filed Dec. 14, 2009 [Doc. 152]; (ix) Lincoln National's *Motion for Default Judgment Against Garnishee Community Bank*, filed Dec. 14, 2009 [Doc. 154]; (x) Lincoln

---

[1] Although Silver appears pro se, he is an attorney who has been disbarred, thus the Court does not extend to him the liberal construction of filings that it extends to other pro se litigants who are unfamiliar with the law. *See Mann v. Boatright*, 477 F.3d 1140, 1148 n. 4 (10th Cir. 2007).

National's *Motion for Default Judgment Against Northern Hills, Inc.*, filed Jan. 12, 2010 [Doc. 163]; (xi) Lincoln National's *Motion to Strike* Doc. 175, filed Feb. 11, 2010 [Doc. 188]; (xii) Lincoln National's *Motion to Strike* Doc. 174, filed Feb. 11, 2010 [Doc. 189]; (xiii) Lincoln National's *Motion to Strike* Doc. 181, filed Feb. 11, 2010 [Doc. 189]; (xiv) Lincoln National's *Motion to Strike* Doc. 180, filed Feb. 11, 2010 [Doc. 190]; (xv) David Silver's *Motion to Dismiss with prejudice*, filed Feb. 17, 2010 [Doc. 192]; (xvi) David Silver's *Motion to Dismiss with prejudice*, filed Feb. 19, 2010 [Doc. 193]; (xvii) David Silver's *Motion for Hearing*, filed March 23, 2010 [Doc. 200]; and (xviii) David Silver's *Motion for Hearing*, filed March 23, 2010 [Doc. 201].

## PROCEDURAL BACKGROUND

A Judgment for $24,173,864.98, plus interest in favor of Lincoln National and against David Silver, ADS Partners, Ltd. and Doe Companies 2-10 was entered on April 9, 1996 in the United States District Court for the Northern District of Illinois, Eastern Division. *See* Doc. 2, Ex. 1. Lincoln National registered the Judgment in the United States District Court for the District of New Mexico on October 24, 1997, and the Clerk issued a "Judgment Docket" verifying that a copy of the April 9, 1996 Judgment was now part of the Court's records. *See id.* Ex. 2. Lincoln National filed the verification in the Santa Fe and Rio Arriba County real-property records. *See id.* In 2004, Lincoln National moved to revive the Illinois Judgment; Silver objected; and this Court granted that motion on October 21, 2004. *See id.*, Ex. 3; *see* Doc. 65, Ex. B (Silver's Response to the motion to revive, arguing that the federal Illinois judgment had not been properly domesticated in the NM state courts). Silver admits that he "learns the judgment was revived on October 21, 2004, and requests copy of the Court's Order by facsimile on October 26, 2004," Doc. 63 at 6, but that he "did not receive a reply," *id.* at 5; that he moved for reconsideration of that Order on November 5, 2004, *id.*

2

at 6; but that, because he did not have a copy of the judgment granting the motion to revive, he "could not appeal"[2] the decision to the Tenth Circuit Court of Appeals, *id.* at 5. Silver "determined to wait" until Lincoln National started trying to collect on his assets and to object to their efforts "at that time." *Id.*[3]

In 2007, Lincoln National obtained a second "Judgment Docket" verification again noting the existence of the $24,173.864 judgment that had previously been registered in this District, but the document unfortunately contains a typographical error stating that the date of the original judgment was "4/10/07" instead of "4/10/96." *See* Doc. 65, Ex. 1. Lincoln National also recorded this document in the real-property records of Rio Arriba and Santa Fe Counties. *See id.*

In 2008, Lincoln National filed several applications for Writs of Garnishment in this Court in an attempt to collect assets towards satisfying the outstanding Judgment. But some time after November 14, 2007, the original hard-copy miscellaneous file was misplaced in the wrong file cabinet, so the Clerk electronically opened a new miscellaneous case-file into the official electronic Court record. The Clerk has filed an electronic copy of the 2004 motion to revive the 1996

---

[2] Silver was personally served with a copy of the proposed Order Reviving Judgment (submitted by the Defendant) when the motion to revive was filed, and which I signed on October 21, 2004. Silver does not explain why he did not request a copy of the signed order from the Defendants or visit the Clerk's office in Albuquerque to obtain a copy of it instead of just writing to the Clerk's office and asking if any rulings had been made in his case. In the normal course of proceedings in 2004, the Court mailed a copy of its signed Orders in miscellaneous cases to all parties. If Silver could not obtain a copy of the signed Order from opposing counsel, he could have petitioned the Tenth Circuit for a writ of mandamus, or he could simply have attached the unsigned Order to his notice of appeal, explaining that he had not received a copy of the signed version despite his requests.

[3] Although Silver withdrew the document from which the quoted language is taken, *see* Docs. 87, 88, the Court takes judicial notice of Silver's statements regarding his knowledge of the existence of the Court's Orders.

3

judgment, a copy of the original Illinois judgment, a copy of the Court's October 24, 1997 "Judgment Docket" verification, and a copy of the October 24, 2004 Order granting the motion to revive – all of which also are in the original hard-copy file – in the instant electronic miscellaneous file. *See* Doc. 2. The Clerk found the misplaced hard-copy Misc. 97-3 file, with its original filings, on June 4, 2010, and has placed it in the correct filing cabinet.

After the Court denied David Silver's motion to dismiss a writ of garnishment against one of his companies, *see* Doc. 108, Silver unsuccessfully attempted both to file an interlocutory appeal from that Order and to obtain a Writ of Mandamus. *See* Doc. 114 (Notice of Interlocutory Appeal filed Aug. 14, 2008); Doc. 117 (District Court's Order denying certification for interlocutory appeal, filed Aug. 25, 2008); Doc. 135 (Mandate from 10th Circuit dismissing appeal, filed Sept. 29, 2008); Doc. 140 (Order from 10th Circuit denying petition for a writ of mandamus or prohibition, filed Nov. 12, 2008).

## ANALYSIS

### I. THE MOTIONS RELATED TO THE APPEAL.

As noted above, the Tenth Circuit has ruled on Silver's interlocutory appeal and on his petition for writ of mandamus. The motions related to the appeal, therefore, are moot, and the *Motion to Certify Order in Multiple Claim Case* [Doc. 119], and the *Motion to Stay during Appeal*, [Doc. 133] will be denied.

### II. THE SEPTEMBER, 2009 MOTIONS TO STRIKE.

In its motion filed on September 2, 2008, Lincoln National seeks to strike Silver's Claim of Exemption filed August 5, 2008, *see* Doc. 98, and the supplemental documents associated with that claim that were filed later in August, *see* Docs. 113, 116, 118, and 120. *See* Doc. 122. In its motion

to strike filed on September 11, 2008, it seeks to strike document 124, which is another supplemental document filed in September. The basis for both of Lincoln National's motions is that Lincoln National was not served with all the pages contained in Silver's Claim filed as document 98, or with all the pages filed as document 116, and, therefore, Silver waived his rights under NMRA, 1-065.1(C)-(E) and the claim of exemption should be stricken. Lincoln National asserts that documents 113, 118, 120, and 124 were untimely filed and should also be stricken. Lincoln National has separately objected on the merits to Silver's Claim of Exemption. *See* Doc. 112.

Rule 1-065.1(C)-(D) require a judgment debtor to file his claim of exemptions within ten days of being served with the notice of right to claim exemptions and to serve the judgment creditor with a copy of the filed claims. Rule 1-065(E) provides that "[i]f the judgment debtor fails to file a claim of exemption within ten (10) days after service of the notice of the right to exemptions, the judgment debtor shall be deemed to have waived the right to claim an exemption."

Silver responds that he did, in fact, serve Lincoln National with everything he filed in the court record and that, by making a typographical error in its brief on the motion to strike regarding the date the 10-day period started, Lincoln National "granted Silver an extension until September 9 to get all of his claims of exemption in." Doc. 127 at 5. Lincoln National did not reply to Silver's arguments, and neither party has provided the Court with any case law interpreting the Rule.

I conclude that, because Rule 1-065.1(E) does not expressly provide for a waiver of rights for failing to serve the judgment creditor with a complete copy of a claim exemption, and because Lincoln National was automatically electronically served with a complete copy of document 98 as part of the electronic filing system (which it could immediately access), Lincoln National was not prejudiced by any failure to be served with the complete document, and I will not strike Document

98. I further conclude that, insofar as Documents 113, 116, 118, 120 and 124 contain any claims of exemption that are not expressly set out in Document 98, they will be disregarded as untimely filed and, therefore, waived under Rule 1-065.1(E).

### III. JERILYN SILVER'S MOTIONS.

Also appearing pro se, and in response to a writ of garnishment served upon her, Jerilyn Silver, who is David Silver's ex-wife, filed a document entitled *Claim of Exemption from Garnishment and Motion to Quash Garnishment. See* Doc. 125. She moved to quash the writ of garnishment on the same basis that David Silver had unsuccessfully argued - that Lincoln National's underlying judgment is not valid because it was not domesticated in the *state* courts of New Mexico. Jerilyn also argues that she is not a judgment debtor. Jerilyn subsequently moved for a "default judgment" on her motion to quash because Lincoln National did not respond to it. *See* Doc. 137.

The Court takes judicial notice that, in *Lincoln Nat'l Life Ins. Co. v. Silver (In re Silver)*, 367 B.R. 795 (Bankr. D.N.M. 2007), the Bankruptcy Court of this District noted that the Silvers, who continue to live together, obtained their divorce "for the purpose of hiding assets and not because of true marital incompatibility." 367 B.R. at 802 n.6. The Court noted Ms. Silver's "outright lies" in regard to finances, and noted that there was "ample evidence of Ms. Silver's concealment of assets with intent to hinder, delay or defraud creditors . . ." *Id.* The Court found that Jerilyn Silver's "actions in her bankruptcy case were riddled with false disclosures and related non-disclosures that amounted to fraud." *Id.* at 817. The Court found that Jerilyn "failed to report and then turn over to the trustee the art and furnishings [she obtained in the sham divorce] that she had [subsequently and fraudulently] transferred to [another family corporation]" during the bankruptcy proceedings. *Id.* at 824. The Court concluded that David Silver's debt to Lincoln National was a community debt

6

because the marital community benefitted from his torts that resulted in the judgment, and revoked Jerilyn's discharge from bankruptcy.

The writ of garnishment requires Jerilyn to answer whether she "hold[s] or control[s] property" belonging to David Silver. Doc. 34. It does not assert that she is a judgment debtor, and she cannot assert a claim of exemption. Further, Jerilyn improperly combined two documents in one filing, causing confusion. See D.N.M. Administrative Order No. 92-88 (requiring the parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought," but allowing for the filing of a matter in the alternative). The Court will not deem Lincoln National to have consented to the motion to quash by its failure to respond, see D.N.M. LR-Civ. 7.1(b), and agrees that the remedy for a failure to respond to a motion is not to grant a "default judgment." Jerilyn's motion to quash and her motion for default judgment will both be denied.

## IV. THE FEBRUARY 2010 MOTIONS TO STRIKE.

In response to the writs of garnishment served on Northern Hills and Santa Fe Capital Group, which are corporations or entities that Silver owns or controls, Silver, who is not a licensed attorney, filed responses, amended responses, and second amended responses making arguments why default judgment should not be entered against those entities for failing to answer the writs. Lincoln National seeks to strike Silver's amended and second-amended responses because they violate the local rules of procedure, which require responses to motions to be filed within fourteen days after service of the motion unless an extension of time is granted. See D.N.M. LR-Civ. 7.4(a).

The Court will grant the motions to strike. Besides the fact that the amended and second-amended responses are untimely, because Silver is not a licensed attorney, he cannot represent his corporations or business entities by filing responsive documents on their behalf. See *Tal v. Hogan*,

7

453 F.3d 1244, 1254 (10th Cir. 2006) (noting that it is a "long-standing rule that a corporation must be represented by an attorney to appear in federal court"); *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). The Court will strike documents 174, 175, 180, and 181.

## V. THE MOTIONS FOR DEFAULT JUDGMENT AGAINST THE GARNISHEES THAT DID NOT ANSWER.

### A. Motions for default judgment against companies that David Silver controls.

Lincoln National requests default judgment against Comptere Group, Inc., as well as against Santa Fe Capital Group, Inc., and Northern Hills, Inc., all of whom apparently have named David Silver as their officer and/or agent for service. The record shows that the writs of garnishment for these companies were served on Silver in May 2008. *See* Doc. 146 at 5; Doc. 147 at 5; Doc. 161 at 5. But none of these garnishees answered the writs of garnishment within twenty (20) days of service as required by NMSA 1978, § 35-12-4. Nor have any of the corporations/garnishees responded to the motions for default judgment, even though Silver was also served with those motions. Although Silver filed a response to the motions for default judgment, claiming that Santa Fe Capital group is no more than a "brand name, a 'doing-business-as' name," *see* Doc. 159 at 2; that he has no ownership in, and knows nothing about Comptere Group, *see* Doc. 160 at 1; and that the underlying judgments and orders in this case are invalid, as mentioned above, he cannot represent the corporations pro se. Even if he could, his arguments are unavailing.

8

Because the three entities have failed to answer the writ of garnishment, the Court will "render judgment by default against the garnishee for the full amount of any judgment rendered against the defendant, together with all interest and costs." N.M.S.A. 1978, § 35-12-4(B).

### B. Motion for default judgment against Community Bank.

Community Bank also was served with the writ of garnishment, through one of its Vice-Presidents, *see* Doc. 148, but has failed to timely answer the writ. It appears, however, that Lincoln National has failed to serve Community Bank with its motion for default judgment. The Court will deny the motion without prejudice to its renewal upon service on Community Bank.

## VI. SILVER'S MOTIONS TO DISMISS WITH PREJUDICE AND MOTIONS FOR HEARINGS.

Silver's first motion to dismiss is based on his argument that, because Lincoln National's parent corporation received federal Troubled Asset Relief Program[4] ("TARP") funds that he believes the corporation may not use to recoup losses already incurred on troubled assets, the Court should dismiss this case against him and against all of his separate corporations and entities. Silver has provided no specific citation to statutory or case law to support his argument. Again, because he may not represent his corporations, the Court will consider both motions solely as one regarding Mr. Silver. The Court finds no merit in Silver's argument, and there is no need to hold a hearing on the matter.

In his second motion, Silver essentially argues that, because he has successfully managed to avoid paying his debt to Lincoln National for over fourteen years and does not have taxpayer money

---

[4] The TARP program authorizes the Secretary of the Treasury to "purchase, and to make and fund commitments to purchase, troubled assets from any financial institution." 12 U.S.C. § 5211(a)(1).

9

to fund hiring attorneys to defend against garnishment of the remaining assets that he and his ex-wife have vigorously protected through bankruptcy proceedings and through hiding and fraudulently transferring assets to others, the case should be dismissed on the equitable doctrine of laches. Again, the Court finds no merit in his argument.

> Whether a claim is barred by laches must be determined by the facts and circumstances in each case and according to right and justice. Laches, in legal significance, is not mere delay, but delay that works a disadvantage to another. In order to prove the affirmative defense of laches, the defendant must demonstrate that there has been an unreasonable delay in asserting the claim and that the defendant was materially prejudiced by that delay.

*Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (internal quotation marks and citations omitted); *see Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324, 1337 (10th Cir. 1982) (noting that "[l]aches will bar relief 'only where the enforcement of the asserted right would work injustice.' *Hoehn v. Crews*, 144 F.2d 665, 671 (10th Cir.), *aff'd on other grounds*, 324 U.S. 200, 65 S. Ct. 600, 89 L. Ed. 870. Thus laches must be determined in light of the particular remedy fashioned."). Allowing Lincoln National to continue to pursue recovering the amount of the judgment for as long as it statutorily has that right is not inequitable, and there is no need to hold a hearing on the matter.

## VII.   THE COURT WILL SET A HEARING FOR SILVER'S CLAIMS OF EXEMPTION.

Silver filed a claim of exemption, *see* Doc. 98, and Lincoln National has noticed its dispute of that claim, *see* Doc. 112. The Court will set a hearing as required by NMSA 1978, § 1-065.2(M).

**IT IS ORDERED** that David Silver's *Motion to Certify Order in Multiple Claim Case* [Doc. 119], his *Motion to Stay during Appeal* [Doc. 133], his two *Motions to Dismiss with prejudice* [Doc. 192 & 193], and his two *Motions for Hearing* [Doc. 200 and 201] are DENIED;

**IT IS FURTHER ORDERED** that Jerilyn Silver's *Motion to Quash Garnishment* [Doc. 126] and *Motion for Entry of Default Judgment* [Doc. 137] are DENIED;

**IT IS FURTHER ORDERED** that Lincoln National's *Motion to Strike* Documents 98, 113, 115, 118, and 120 [Doc. 122] and its *Motion to Strike* Document 124 [Doc. 129] are DENIED; that its *Motion for Entry of Default Judgment Against Garnishee Competere Group* [Doc. 150], its *Motion for Default Judgment Against Garnishee Santa Fe Capital Group* [Doc. 152], and its *Motion for Default Judgment Against Northern Hills, Inc.* [Doc. 163] are GRANTED; that its *Motion for Default Judgment Against Garnishee Community Bank* [Doc. 154] is DENIED; and that its *Motion to Strike* Doc. 175 [Doc. 188], its *Motion to Strike* Doc. 174 [Doc. 189], its *Motion to Strike* Doc. 181 [Doc. 189], and its *Motion to Strike* Doc. 180 [Doc. 190] are GRANTED; and

**IT IS FURTHER ORDERED** that judgments of default shall be entered against Competere Group, Santa Fe Capital Group, and Northern Hills, Inc.;

**IT IS FURTHER ORDERED** that David Silver shall not file in this Court any further documents on behalf of any person or entity other than himself; and

**IT IS FURTHER ORDERED** that a hearing on Silver's Claim of Exemption is set for July 26, 2010 at 1:30 pm.

Bruce D. Black
UNITED STATES DISTRICT JUDGE