IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LINCOLN NATIONAL LIFE
INSURANCE COMPANY**,

    Plaintiff,

v.

                                            No. 08mc0015 BB

**A. DAVID SILVER, a/k/a DAVID
SILVER; ADS PARTNERS, LTC; DOE
COMPANIES, 1-10,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me on pro se Defendant A. David Silver's *Motion for Recusal*, filed August 3, 2010 [Doc. 212]. Silver brings his motion under 28 U.S.C. § 455(a), based solely on the fact that, for a short period of time, I mistakenly believed that Silver was a disbarred attorney and, therefore, did "not extend to him the liberal construction of filings that it extends to other pro se litigants who are unfamiliar with the law" in regard to several motions that Silver filed and that were before the Court. July 2, 2010 Memorandum Opinion and Order at 1, n.1. This mistaken belief was brought about, at least in part, by Silver's continuing attempt to represent his corporations in this lawsuit as though he were an attorney. I accept Silver's statements that he has never been an attorney, and, therefore, that he also has never been disbarred, and apologize for my erroneous statement that he is a disbarred attorney. I disagree, however, that such a statement is automatically disparaging or potentially damaging, as Silver insists, to someone who has never been an attorney. I also reject Silver's speculation that, because of my mistaken belief, I must have also have held him "in utter contempt as a human being." Doc. 212 at 6. An attorney may be disbarred for a variety of reasons, including continued failure to pay bar dues, or allowing a non-lawyer to use

his or her name as an attorney on documents, or simply because of repeated instances of negligence, and a disbarred attorney may petition to have his/her license reinstated.

Silver contends that my mistaken belief and failure to liberally construe his briefs is proof that I must disqualify myself from continuing to preside over this case because my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Section 455 "places the judge under a self-enforcing obligation to recuse himself where the proper legal grounds exist." *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004). Although federal judges should, indeed, recuse themselves if an objective person would reasonably question their impartiality based on valid concerns,

> [a] judge's duty to hear cases is not so ephemeral that it dissipates at the first sight of any potential bias or partiality towards one of the litigants. *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982) ("[S]ection 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."). Moreover, "[t]he statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). *Cooley* expressly states that prior adverse rulings and "baseless personal attacks on or suits against the judge by a party" are not cause for recusal. *Id.*

*Armstrong v. Potter (In re Potter)*, 292 B.R. 711, 711 n.1, 2002 WL 31802978, **1 (10th Cir. BAP 2002); *see Liteky v. United States*, 510 U.S. 540, 555 (1994) (noting that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"). The Supreme Court has also ruled that

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an

> extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky*, 510 U.S. at 555 (italics in original).

Here, my mistake in believing that Silver was a disbarred attorney, and therefore, that I should not liberally construe his filings, does not insinuate personal bias against Silver. Nothing in what I said "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Further, I have reviewed the July 2, 2010 Memorandum Opinion and Order and Silver's motions that were under advisement, and I conclude that, even if I had given his motions a liberal construction, I would not have ruled differently. Two of his motions were moot because the Tenth Circuit had dismissed his interlocutory appeal. Notwithstanding the fact that I disagreed with Silver's legal positions, his legal arguments in his motions to dismiss were clearly stated and supported with citations to legal authority, thus there was no need for the Court to liberally construe them in order to fully understand their substance. Further, I denied seven of the plaintiff's motions in the same order in which I denied Silver's motions. I conclude that no objective person would reasonably question my impartiality based on the facts and circumstances of this case, especially where Silver implicitly held himself out as an attorney by attempting to represent his corporations.

**IT IS ORDERED THAT** Silver's *Motion for Recusal* [Doc. 212] is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE