IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

LINCOLN NATIONAL LIFE INSURANCE CO.,

**Plaintiff**

vs.                                                                                     Cause No. 08 – mc 15  BB

A.DAVID SILVER, a/k/a DAVID SILVER, ADS PARTNERS, LTD., DOE COMPANIES 1 – 10

**Defendants**

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE RE DISQUALIFYING THE ARLAND FIRM AND MOTION TO DISMISS DUE TO THE USE OF A FORGED JUDGMENT DOCKET

Comes now the Defendant, A. David Silver, *pro se*, to reply to Plaintiff Lincoln National's ("Lincoln") Response to Silver's Motion to Disqualify the Arland Firm and Silver's Motion to Dismiss, and in support of the Reply, states:

First, Silver points out the untruthful statements of Lincoln's counsel, William J. Arland, III (hereinafter "Arland" refers to said counsel and his firm):

Page 3, Sixth Line from the top, "Judge Black personally signed the order reviving judgment on October 21, 2004." This is arguably untrue. Judge Black clearly states that he signed the Order Reviving Judgment on October 24, 2004. (See his Memorandum and Order dated July 2, 2010.) Someone may have signed Judge Black's name to the October 21, 2004 Order Reviving Judgment, and that can be determined by forensic analysis.

Page 3, Paragraph two, Lines 1 and 2, "...Lincoln National obtained from this Court a second 'Judgment Docket' verification dated November 14, 2007." This is the forged judgment docket. The one that the Clerk of the Court located a year ago was recorded by the San Juan County clerk on September 13, 2007 and October 28, 2007, which dates

precede the date of November 14, 2007, and this is the one in the Court's records. Thus, the November 14, 2007 judgment docket has to have been created by someone, and the only person with a motive to do this is Arland and his co-attorney, James P. Bieg ("Bieg"), who wanted the Lincoln National retainers and expense reimbursements to keep coming in to the Rodey firm and himself (Arland and Bieg left the Rodey firm in December, 2009). The letter from Maryann Richmann signed on behalf of Matthew J. Dykman, Clerk of the Court, dated September 8, 2010 is enclosed herewith as Exhibit 1.

"'Fraud upon the court warranting equitable relief from judgment embraces only that species of fraud upon which does or attempts to defile court itself or which is perpetrated by officers of court so that judicial system cannot perform in usual manner; fraud upon court occurs where there is deliberately planned and carefully executed scheme to defraud court, not simply judgment obtained with aid of witness whose perjury is revealed by after-discovered evidence. *Moya v. Catholic Archdiocese of New Mexico, 1988, 107 N.M. 245, 755 P. 2d 583."* As in Moya, Arland defiles the court itself by deliberately creating a fraudulent judgment docket, upon finding that all records in Misc. Cause 97 – 3 were destroyed or lost.

The Rodey firm, which included Arland, back in August, 2008 filed a pleading with Judge James A Hall stating that the Court destroyed all documents in Misc. Cause 97 – 3, which morphed into 08-mc15 BB. Here is the Rodey firm's (two weeks after Judge Black said he was looking at the judgment docket, it was easily attainable and he would give Silver a copy of it.)

There is contained in Silver's original Motion to Recuse Judge Black in Civ. 00256, an Exhibit 4. On Page 5 of that Exhibit, the Rodey firm pleads as follows: 'On May 20, 2008 Plaintiff (Silver) was served...[with] notices of Writs of Garnishment that were simultaneously delivered to [various financial] institutions. The writs of garnishment – issued by the local federal court under a new docket number, Misc. 08-15, see id. Exhibit 6, apparently because the court

inadvertently destroyed the original file …". *Silver v. Arland, et. al., First Judicial District Court, D-0101-CV-2008-01657, Judge James A. Hall.* The operative word, of course, is "destroyed". This pleading was signed by Charles K. Purcell, for Rodey, Dickason, Sloan, Akin & Robb, P.A. on August 25, 2008. Arland and the Rodey firm either lied to Judge Hall or to Judge Black in their attempt to throw Silver off of the hunt by using the word "destroyed". Judge Black may indeed have been looking at the November 14, 2007 judgment document created by someone under the direction of Arland, when he learned that the Court had destroyed the original file.

Arland's motivation: to keep the retainers and expense reimbursements coming from Lincoln.

Arland redacts the lawyer's name in his copy of Silver's letter seeking disciplinary action against him; but, it is Charles "Kip" Purcell. He either perjured himself to Judge Hall, or Arland perjured himself to this Court; or both lawyers have perjured themselves.

Another Rodey lawyer, James P. Bieg, quit practicing law altogether in December, 2009 and now grows grains in Jacksonville, OR. For evidence, one need only Google "the Applegater", a publication in Applegate, OR for which Mr. Bieg contributes articles. Further, the New Mexico Bar Association lists his address as P.O. Box 1464, Jacksonville, OR 97530. A private investigator in Oregon has informed Silver that one needs quite a bit of money to live in Jacksonville, OR.

Silver's estate was worth around $300,000 when the cash was disbursed in 2009 of which Lincoln received $44,000; but, the retainers and expense reimbursements from Lincoln were worth more than an estimated $5,000,000 to Rodey, Arland and Bieg; and they are still growing. That is strong motivation to try to throw Silver off the hunt by pleading that all

documents in Misc. Cause 97 – 3 were destroyed, while risking disbarment if it is found that Silver's arguments bear fruit.

Page 8, Second Paragraph, last two lines: Arland pleads, "...the Court verified that the file contains the 2007 Judgment Docket and the Revival Order." That is patently untrue. Deputy Clerk Richmann's letter to Silver of September 8, 2010 in the exhibit below disputes that for the obvious reason that the judgment docket in the Court's records has to bear a date prior to September 13, 2007, because that is the date that the clerk of San Juan County recorded it.

Page 9, first full paragraph, Arland attempts to confuse the court by arguing that the judgment docket that Judge Black approved was stamped in San Juan County. It was not. Judge Black was probably looking at the forged judgment docket (see Exhibit 2 below) which was not recorded in San Juan County. The one that was recorded in San Juan County is the one in the Court's records.

Parenthetically, Silver asks for judicial notice to compare the form of the November 14, 2007 judgment docket with the form of judgment docket on the Web site of the U.S. District Court for New Mexico. They are markedly different, from the headline at the top of the page to the text of the true form of judgment docket. The form of judgment docket published by the U. S. District Court for New Mexico is in Exhibit 3 below.

**The Law:**

New York Civil Practice, Matthew Bender & Company, Inc., Ferstendig, David L., 2011, "Docketing is a prerequisite to obtaining a lien on real property and to the issuance of an

execution." There was no docketing of any kind in Misc. Cause 97 – 3, until six years after the last possible renewal date of October 30, 2004.

"Trial court has power to grant relief from a judgment whenever, after considering, all the material factors, the action is appropriate to further justice. Fed. R. Civ. Pro., Rule 60(b). Koppenhaver v. Koppenhaver 1984, 101 N.M. 105, 678 P. 2d 1180, certiorari denied 101 N.M. 11, 677 P. 2d 684. That is Silver's request: to dismiss 08-mc15 with prejudice.

"New Mexico Rules Annotated 1-058. Orders and Judgments: Preparation and Entry (A) Preparation of Orders and Judgments. Upon announcement of the court's decision in any matter the court shall: (1) allow counsel a reasonable time, fixed by the court, within which to submit requested form of order or judgment; (2) designate the counsel who shall be responsible for preparation of the order or judgment and fix the time within which it is to be submitted; or (3) prepare its own form of order or judgment."

"Party alleging that attorney's conduct was grossly negligent such that relief from final judgment is warranted, must demonstrate exceptional circumstances by showing that: (1) the attorney's conduct was grossly negligent; (2) the party seeking relief acted in a diligence and reasonable manner in pursuing their claim...". NMRA, Rule 1-060, subd. B(6). Meiboom v. Watson, 2000, 128 N.M. 536, 994 P. 2d 1154". Silver has been extremely diligent in attempting to bring to the Court's attention that there was no judgment docket on file with the court, that the November 14, 2007 has to be a fraud, that the Rodey firm (where Arland worked until mid-December, 2009) pled that all documents in Misc. Cause 97 – 3 were destroyed, which means that this Court had to have been looking at a forged judgment docket on August 13, 2008, and it was most likely given to his staff by Arland, because it could not have been given to Judge Black by the clerk's office. Not only are Arland's actions grossly negligent, but he has repeatedly lied to this Court, including most

recently in his Response to Silver's Motion to Disqualify him and in Silver's Motion to Dismiss.

"Rule permitting judgments to be set aside for mistake, inadvertence, excusable neglect or fraud was created to provide simplified method for correcting errors in final judgment; ...where properly invoked, rule should be liberally construed for purpose of doing substantial justice. Fed. R. Civ. Pro. 60(b), Phelps Dodge v. Guerra, 1978, 92 N.M. 47, 582 P. 2d 819."

THEREFORE, Silver prays this Court will dismiss this case with prejudice or at a minimum disqualify Arland from representing Lincoln for having defiled the judicial system.

Respectfully submitted,

David Silver, pro se
4001 Office Court Drive
Suite 604
Santa Fe, NM 87507
505-474-7773

## CERTIFICATE OF SERVICE

Defendant certifies hereby that he mailed a copy of this Reply to Lincoln National's Response re Dismissal and Disqualification . to counsel for Plaintiff by U.S. mail, prepaid on June 12, 2011 at the address below.

David Silver, pro se
600 E. Fairview Lane
Espanola, NM 87532
505-753-0343

William J. Arland, III
Arland & Associates, LLC
P.O. Box 1089
Santa Fe, NM 87504

Silver's Reply to Arland's Response in 08-mc15

# United States District Court
## District of New Mexico
### Office of the Clerk
### Pete V. Domenici United States Courthouse



**Matthew J. Dykman**
**Clerk of Court**

333 Lomas Blvd. N.W. - Suite 270
Albuquerque, New Mexico 87102
(505) 348-2000 - Fax (505) 348-2028

**Divisional Offices**
106 South Federal Place
Santa Fe, NM 87501
(505) 988-6481
Fax (505) 988-6473

100 North Church Street
Las Cruces, NM 88001
(575) 528-1400
Fax (575) 528-1425

September 8, 2010

David Silver
4001 Office Court Drive
Suite 604
Santa Fe, New Mexico 87507

Re:   Lincoln National Life Insurance Co. v. A. David Silver, et al.;
       United States District Court Case Number Misc. 97-3 and 08mc15

Dear Mr. Silver:

In response to your faxed letter dated September 3, 2010, I have enclosed a copy of the Motion to Revive Judgment filed in both of the above referenced case.

Page 6 of 12 is a copy of the Judgment in a Civil Case entered on April 10, 1996 in Case Number 86 C 7175 in the Northern District of Illinois.

Page 7 of 12 is a copy of the Judgment Docket recorded with the Santa Fe County Clerk's Office on October 30, 1997.

Pages 9 and 10 of 12 is a copy of the Order Reviving Judgment recorded with the San Juan County Clerk's Office on November 12, 2004 and again on September 13, 2007.

Page 11 of 12 is a copy of the Judgment Docket recorded with the San Juan County Clerk's Office on October 28, 2007 and again on September 13, 2007.

I hope this fulfills your copy request.

Sincerely,

MATTHEW J. DYKMAN, Clerk of the Court

By: _____
Deputy Clerk

Enclosure

Case 1:08-mc-00015-BB Document [...] Filed 05/30/2008   Page 1 of 2

# JUDGMENT DOCKET

## IN THE UNITED STATES DISTRICT COURT
### for the District of New Mexico

| Case Number | NAMES OF PARTIES | | ATTORNEY FOR CREDITOR |
|---|---|---|---|
| | Judgment Debtor | Judgment Creditor | |
| Misc. 97-3 | A. DAVID SILVER a/k/a DAVID SILVER; ADS PARTNERS, LTD.; DOE COMPANIES 1-10 | LINCOLN NATIONAL LIFE INSURANCE CO., | William J. Arland, III  Rodey, Dickason, Sloan, Akin & Robb, P.A.  315 Paseo del Peralta  Santa Fe, New Mexico 87501-2034  Telephone: (505) 954-3900 |

| DATE OF JUDGMENT | | | DATE OF DOCKETING | | | AMOUNT OF JUDGMENT | | | Rate of Interest | WHERE ENTERED | | HOW SATISFIED. REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | Day | Year | Month | Day | Year | DAMAGES Dollars Cents | COSTS Dollars Cents | TOTAL Dollars Cents | | Book | Page | |
| 04 | 10 | 07 | | | | $24,173,864 98* | | $24,173,864 98* | | | | |

JUDGEMENT DOCKET
PAGES: 1

COUNTY OF SANTA FE )
STATE OF NEW MEXICO ) ss

Hereby Certify That This Instrument Was Filed for
Record On The 15TH Day Of November, A.D. 2007 at 15:57
and Was Duly Recorded as Instrument # 1565778
Of The Records Of Santa Fe County

Witness My Hand And Seal Of Office
Valerie Espinoza
County Clerk, Santa Fe

*Plus interest from April 10, 1996.

I, MATTHEW J. DYKMAN, [...] of the United States District Court, District of New Mexico, do hereby certify [...] true transcript of the docket of a judgment of said Court, now of record [...] this 14th day of November, 2007.
Witness my [...]

MATTHEW [...] Court
By: [...]
    Deputy

RIO ARRIBA
J. FRED VIGIL COUNTY CLERK
200708743
Book 530 Page 8743
1 of 2
11/30/2007  09:28:52 AM
BY SHIRLETH

SF-009-Judgement Docket

# JUDGMENT DOCKET
## UNITED STATES DISTRICT COURT
### District of New Mexico

| Case Number | NAMES OF PARTIES | | ATTORNEY FOR CREDITOR |
|---|---|---|---|
| | Judgment Debtor | Judgment Creditor | |
| | | | |
| | | | |
| | | | |

| DATE OF JUDGMENT | | | DATE OF DOCKETING | | | AMOUNT OF JUDGMENT | | | | | | Rate of Interest | Where Entered | | HOW SATISFIED, REMARKS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Month | Day | Year | Month | Day | Year | DAMAGES Dollars | Cents | COSTS Dollars | Cents | TOTAL Dollars | Cents | | Book | Page | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | |

I, Robert M. March, Clerk of the United States District Court, District of New Mexico, do hereby certify that the foregoing is a true transcript of the docket of a judgment of said Court, now of record in my office. Witness my hand and seal of said Court, this _____ day of _____.

_____ Clerk

_____ Deputy Clerk

**David Silver**
4001 Office Court Drive
Suite 604
Santa Fe, NM 87507

**Clerk of the Court**
**U.S. District Court for N. M.**
**333 Lomas Blvd. N.W.**
**Albuquerque, NM 87102**

U.S. POSTAGE PAID
SANTA FE, NM
87507
JUN 13, '11
AMOUNT
$1.24
00017251-09

RECEIVED
At Alb-?ustice NM
JUN 14 2011
MATTHEW J. DYKMAN
CLERK